IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 12-656C

(Filed: January 22, 2013)
**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| ERIC L. WALTERS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
|  | ) |

ORDER

Pending before the court is a joint motion for remand, filed January 18, 2013.  In the motion, the parties request that the court remand this action to the Board for Correction of Naval Records ("BCNR") to consider Mr. Walters' claims.  This matter has not previously been before the BCNR.

This court has *de novo* jurisdiction to hear and decide Mr. Walters' claims.  *See Martinez v. United States*, 333 F.3d 1295, 1306-10 (Fed. Cir. 2005) (en banc).  Nonetheless, the parties have suggested that the court might benefit from the BCNR's consideration.  In the circumstances, the court has discretion either to hear Mr. Walters' claims in the first instance or to remand the matter to the BCNR.  *See Martinez*, 333 F.3d at 1309-10; *cf. Riser v. United States*, 93 Fed. Cl. 212, 217-18 (2010).  The parties' expressed preference is weighed in the balance by the court.

For good cause shown, the parties' joint motion for remand is GRANTED, and the matter is remanded to the BCNR for a period of six months, pursuant to Rule 52.2(b) of the Rules of the Court of Federal Claims ("RCFC").  In conducting proceedings on remand, the BCNR shall:

(1)  afford Mr. Walters the opportunity to present in writing to the BCNR any arguments and evidence that might establish his entitlement to relief regarding his separation or disability rating;

(2)  consider whether the Department of the Navy Physical Evaluation Board's determination that Mr. Walters was "Fit" for continued naval service has adequate support, identifying the evidence on which the BCNR makes its determination;

1

(3) consider whether there is adequate support for a finding that Mr. Walters was "Unfit" for continued naval service at the time of his involuntary separation from the USMC, identifying the evidence on which the BCNR makes this determination;

(4) in the event that the BCNR determines that evidence supports a finding that Mr. Walters was "Unfit," also determine Mr. Walters' disability rating based upon an advisory opinion of the Navy Physical Evaluation Board;

(5) if the BCNR determines that evidence supports a finding that Mr. Walters was "Unfit" for continued naval service at the time of his involuntary separation from the USMC, whether Mr. Walters' involuntary separation was lawful, with an accompanying explanation of the applicable law;

(6) consider whether the USMC's decision to administratively separate Mr. Walters for having a "physical condition [that is] not a disability" was an injustice in light of the fact that Mr. Walters, although found "Fit" for continued naval service by the Physical Evaluation Board, was nonetheless physically unable to continue his military service; and

(7) afford Mr. Walters any relief the BCNR determines that he is entitled to receive and issue a decision explaining the rationale, law, and evidence supporting its final decision.

The proceedings before the court shall be stayed during the period of remand. In accord with RCFC 52.2(b)(1)(D), the court designates defendant as the party to provide status reports to the court every ninety days during the remand.

It is so ORDERED.


s/ Charles F. Lettow
Charles F. Lettow
Judge

2